
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BRICKLAYERS INSURANCE AND WELFARE
FUND, BRICKLAYERS PENSION FUND,
BRICKLAYERS SUPPLEMENTAL ANNUITY
FUND, BRICKLAYERS AND TROWEL TRADES
INTERNATIONAL PENSION FUND, NEW YORK
CITY AND LONG ISLAND JOINT
APPRENTICESHIP AND TRAINING FUND,
INTERNATIONAL MASONRY INSTITUTE and
SANTO LANZAFAME, in his fiduciary capacity as
Administrator, BRICKLAYERS LOCAL 1,
INTERNATIONAL UNION OF BRICKLAYERS
AND ALLIED CRAFT WORKERS, and
BRICKLAYERS LABOR MANAGEMENT
RELATIONS COMMITTEE,

        Plaintiffs,

-against-

ROCKY'S CONSTRUCTION and RAKIP VRIAKU,

        Defendants.
------------------------------------------------------------X

MEMORANDUM & ORDER

06-CV-1156 (NGG) (JMA)

GARAUFIS, District Judge.

Before this court is the motion for default judgment of Plaintiffs Bricklayers Insurance and Welfare Fund, Bricklayers Pension Fund, Bricklayers Supplemental Annuity Fund, Bricklayers and Trowel Trades International Pension Fund, New York City and Long Island Joint Apprenticeship and Training Fund, International Masonry Institute ("Funds"), and Bricklayers Local 1, International Union of Bricklayers and Allied Craft Workers, and Bricklayers Labor Management Relations Committee ("Union") (collectively, "Plaintiffs"), which was filed on May

23, 2006.[1] Plaintiffs seek an award of liquidated damages in the amount of $22,274.44 for the Fund, $1,554.45 for the Union, and $790 in attorney's fees. For the reasons set forth below, the motion is GRANTED.

I. **Background**

Plaintiffs commenced this action in March 2006 for delinquent fringe benefit contributions owed to the Funds, pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA") and delinquent fringe benefit contributions owed to the Union, pursuant to section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185 (the "Taft-Hartley Act").

Defendants Rocky's Construction ("Rocky's") and Rakip Vriaku ("Vriaku") (collectively, "Defendants") were parties to a series of collective bargaining agreements through which they agreed to make contributions, based upon hours worked, to the Funds and the Union on behalf of covered employees of Defendants. (See Complaint dated March 14, 2006 ("Compl."), ¶ 7.) Defendants failed to pay these contributions to either the Funds or the Union from June 1, 2000 through June 30, 2005. (Compl. ¶¶ 9, 13.)

Plaintiffs filed a Summons and Complaint on March 14, 2006, and a copy of the summons and complaint was served on Rocky's on March 14, 2006 by mailing it to Rocky's at its corporate address by first class mail of the United States Postal Service. Proof of service was filed on April 4, 2006. The Summons and Complaint was again served on Rocky's on March 27, 2006 by leaving two true copies with Carol Vogt, a person authorized to accept service for the

---

[1] On October 17, 2006, this motion was referred to Magistrate Judge Arlene R. Azrack for a Report and Recommendation. On March 16, 2007, it was returned to this court for a decision.

Secretary of the State of New York, proof of service of which was filed on April 5, 2006. Time for answering the complaint expired without Rocky's ever having done so. (Clerk's Notation of Default at 1-2, Docket No. 10.)

The Summons and Complaint was served upon Vraiku on April 12, 2006 by personal service upon Vriaku, and proof of service was filed on April 18, 2006. Vriaku did not answer the complaint, and the time for answering the complaint has expired. On September 28, 2006, Notice of Default from the Clerk of the Court was entered. (Id.)

## II. DISCUSSION

### A. Damages

Plaintiffs now move for an award of $13,763.15 for unpaid contributions to the Fund from June 1, 2000 through June 20, 2005 (see ERISA § 502(g)(2)(A)), liquidated damages of 20% of that amount (see id. at § 502(g)(2)(C)(ii)), or $2,752.63, and interest at the rate of 10% per annum of that amount (see id. at § 502(g)(2)(B)), or $4,317.42. Plaintiffs move for an award of $1,196.70 for unpaid contributions to the Union from June 1, 2000 through June 20, 2005 (see 29 U.S.C. § 1132), and interest at the rate of 9% per annum (see N.Y. C.P.L.R. § 5004), or $337.89. Plaintiffs' motion for damages is GRANTED.

### B. Attorney's Fees

Plaintiffs next move pursuant to 29 U.S.C. § 1132(g)(2)(D) for $790 in attorney's fees. Plaintiffs support their request with contemporaneous time records. (See Affidavit for Attorney Services by James I. Wasserman ("Wasserman Aff."), Exhibit 1.)

"The determination of a reasonable fee award under Section 1132(g)(2)(D) of ERISA lies

within the sound discretion of the district judge." Meehan v. Gristede's Supermarkets, Inc., No. 95 CV 2104, 1997 WL 1097751, at *5 (E.D.N.Y. Sept. 25, 1997) (internal quotations and citations omitted); see also Cruz v. Local Union No. 3 of Int'l Bhd. Of Elec. Workers, 34 F.3d 1148, 1159 (2d Cir. 1994). The Second Circuit has adopted the lodestar method for determining the fee amount in ERISA actions. See Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1058-59 (2d Cir. 1989). Under this method, "[a] district court determines the proper amount of the fee by multiplying 'all reasonable hours expended by the prevailing party's attorney by a reasonable hourly rate.'" Bourgal v. Atlas Transit Mix Corp., No. 93 CV 569, 1996 WL 75290, at *6 (E.D.N.Y. Feb. 7, 1996) (citing Clarke v. Frank, 960 F.2d 1146, 1153 (1992); DeFilippo v. Morizio, 759 F.2d 231, 234 (2d Cir. 1985)).

Courts determine the reasonable hourly rate by looking to the hourly rate "'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Id. (quoting Miele v. N.Y. State Teamsters Conf. Pension & Retirement Fund, 831 F.2d 407, 409 (2d Cir. 1987)). Determination of the prevailing market rates may be based on evidence presented or a judge's own knowledge of hourly rates charged in the community. See Chambless, 885 F.2d at 1058-59. Here, I find Plaintiffs' counsel's hourly rate, $70 for paralegals and $200 for partners, reasonable and in line with rates awarded in this area to counsel with comparable experience. See, e.g., Sheehan v. Metropolitan Life Ins. Co., 450 F. Supp. 2d 321, 328 (S.D.N.Y. 2006) (awarding $425 hourly rate for senior partner in ERISA case and approving hourly rates of $375 for junior partner, $300 for associates, and $150 for paralegals); King v. JCS Enters., Inc., 325 F. Supp. 2d 162, 170 (E.D.N.Y. 2004) (awarding hourly rates ranging from $70 for assistants to $295 for a partner in ERISA case); T & M Meat Fair, Inc. v. United Food and

4

Commercial Workers, Local 174, No. 00 CV 7968, 2002 WL 31202711, at *4 (S.D.N.Y. Sept. 25, 2002) (plaintiffs' counsel's hourly rate of $250 held reasonable in ERISA case).

As for the number of hours expended, courts uphold fee requests in ERISA cases when they determine that such fees are "reasonable." See Rivera v. Benefit Trust Life Ins. Co., 921 F.2d 692, 698 (7th Cir. 1991). "The number of hours spent on litigation and the staffing pattern utilized is unreasonable if it is excessive, redundant or otherwise unnecessary." Bourgal, 1996 WL 75290, at *7 (citing Cruz v. Local Union No. 3 of Int'l Bhd. Of Elec. Workers, 150 F.R.D. 29, 35 (E.D.N.Y. 1993)).

Plaintiff's counsel, Vladek, Waldman, Elias & Engelhard, P.C., seeks compensation for a total of 1.5 hours of attorney work, consisting of drafting the Complaint, and 7 hours of paralegal work, including preparing letters to Defendants, affidavits, and summonses, assembling the Complaint for filing in court, and travel to and from court. (See Wasserman Aff., Exhibit 1.) I find the number of hours expended in this case to be reasonable and in line with the tasks performed. Plaintiffs' motion for $790 in attorney's fees is therefore GRANTED.

## III. CONCLUSION

It is ORDERED, ADJUDGED and DECREED that the Funds are hereby awarded judgment against Defendants in the amount of $22,274.44 as demanded in the Complaint, plus such additional sums for unpaid contributions as have and may hereafter come due during the pendency of this action. It is further ORDERED, ADJUDGED and DECREED that the Union is hereby awarded judgment against Defendants in the amount of $1,554.45 as demanded in the Complaint, plus such additional sums for unpaid contributions as have and may hereafter come

due during the pendency of this action. Plaintiffs' motion for attorneys fees in the amount of $790 is GRANTED.

SO ORDERED.

Dated: March 23, 2007
      Brooklyn, N.Y.

/signed/
NICHOLAS G. GARAUFIS
United States District Judge